HENDY, Appellant, v. DUNCAN et al., Respondents.

## No. 821.

Timber—Conflicting Rights of Purchasers.—If a land owner, after making a sufficient conveyance of a millsite and mill rights, with the right to enough timber on the land to supply the mill, gives a license to another person, who has knowledge of the conveyance, to cut timber on the same land and carry it away, when there is on the land only timber sufficient to supply one mill, the mill owner may sue both the land owner and the licensee for such damage as he can show as the result of performance under the license.

APPEAL from Fourth Judicial District, San Francisco County.

Crockett, Whiting & Wiggins for appellant; Temple & Thomas for respondents.

CURRY, C. J.—The plaintiff alleges in his complaint that the defendant Duncan bargained, sold and conveyed to him, by an instrument in writing under seal, the right to erect a sawmill on Wahalla river upon the land of Duncan, with the privilege of using the water-power of the river to propel the mill and other necessary machinery for the manufacture of lumber, and also the right and privilege of cutting and taking from the same land all the timber necessary to supply the mill, with the right of way over Duncan's land for the purpose of his lumbering business. He further alleges that there is no more timber on the land than sufficient to supply one sawmill, yet nevertheless the defendants "are proceeding to despoil and waste the said timber, and have already carried away and converted to their own use a large quantity thereof, and threaten to continue to cut and destroy said timber," which will render utterly valueless the right secured to the

plaintiff under and by virtue of said instrument. The plaintiff then avers that the timber already cut, carried away and converted to their own use by the defendants is of the value of five thousand dollars, for which sum he prays judgment against them. He also prays that the defendants may be perpetually enjoined from the commission of further "waste upon the timber," etc.

To the complaint the defendants demurred separately, on the ground, first, that there is an improper joinder of parties defendants, and, second, that the complaint does not state facts sufficient to constitute a cause of action. The court sustained the demurrer, with leave to the plaintiff to amend his complaint, which he declined to do, and thereupon judgment final was rendered for the defendants.

The complaint contains an allegation that Helmke claims the right to cut and appropriate the timber under some license therefor from Duncan; but that if he has any such license the same was obtained after said deed of bargain and sale was executed and recorded and with full notice of its contents.

If the plaintiff had any right of action for the causes alleged, then in my judgment he had a right of action against the defendants jointly; and that his complaint states a good and sufficient cause of action for damages for cutting down and converting to their own use the timber which Duncan for a valuable consideration had sold and conveyed to the plaintiff is, to my mind, clear beyond doubt. The plaintiff avers that the timber which the defendants had, at the time of the commencement of the suit, cut, carried away and converted to their own use was of the value of five thousand dollars, for which sum he demanded judgment. He also prayed for the equitable interposition of the court by injunction, but in my judgment he has not stated the facts necessary to entitle him to such relief. He does not state facts showing that his remedy at law would not be ample and adequate for all injuries which he might sustain by the commission of the wrongs threatened. My opinion is that the judgment should be reversed.

SHAFTER, J., Concurring.—The counsel for the appellant does not claim that the complaint can be maintained on the ground that it makes a case in damages, and it may there-

fore be considered that he waives an examination of the case
in that aspect; and it may be fairly inferred also that the
point was neither passed upon nor made in the court below.   I
therefore concur in the judgment.